CASE 1:24-CV-00783-RLY-TAB

Page 1 of

# [AMENDED] COMPLAINT FORM

for filers who are prisoners without lawyers

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Full Name of Plaintiff

DEBORA JANE FRAME

Full Name of Defendants

Ruben Marté
Kristie Compton
Kyle Gibbins
Brenda Siebold
Kelly Davis
Tina Burger
Whitney Smith
Jessica Young

CASE NUMBER
1:24-CV-00783-RLY-TAB

A. PARTIES

1. Plaintiff is a citizen of Indiana, and is located at

Rockville Correctional Facility, 811 W. 50 N. Rockville, IN 47872

(if more than one plaintiff, see separate piece of paper)

2. Defendant Ruben Marté

is (if a person or private corporation) a citizen of Indiana, ~~and~~ is the Sheriff of Monroe County, Indiana and whose office resides At 301 N. College Ave; Bloomington, IN 47401 (see sepate paper, page )

The other defendants are listed on a separate paper.

## B. Statement of Claim

On 11/20/2023, I was arrested in monroe cty, Indiana. I was transported to IU health hospital then discharged with the following diagnoses: Sepsis, polysubstance use, pregnancy. I was discharged from the hospital with instructions to transport me each day for infusions of Antibiotics, because I had a very serious infection. The hospital discharge papers were provided to Jail medical staff.

The following morning, a bail review hearing was held, at the request of the jail due to my complex medical situation, which was expensive. The jail opined that they could not accomodate a pregnant woman in active withdrawal. The Judge declined to release me. Kristie Compton and Kyle Gibbins recieved a call from the Judge, instructing them that they needed to figure out a way to take care of my situation in a way that would preserve my health and my childs' health.

The jail did transport me to the hospital each day for my infusions until they were complete, but failed to prevent my miscarriage from drug withdrawal or provide me with post-miscarriage care.

I do not recall exact dates, but twice within my first week at the jail, I was taken to the ER for withdrawal and only treated with symptomatic medication and no morphine replacement.

Advance Correctional Healthcare is the company the jail contracts to provide medical care. Their policy on pregnancy + withdrawal which was provided to me is to "Never detox a pregnant woman due to risk of abnormal fetal growth and death. Provide MAT or a morphine replacement" It is also established by the American Academy of Obstetrics and Gynecology AND the National Commission on Correctional Healthcare that symptomatic treatment (such as tylenol or Zantac for nausea) is insufficient to preserve the life of an unborn child when the mother is withdrawing. All ACH staff are trained by "Spark Training" on this, per the documents I was provided but no longer have since my transport to prison.

Within 48 hours of my arrest, I met with medical staff Kelly Davis, who told me that I would be getting Tylenol-3, which contains the opiate codeine, and that she would ask the Nurse Practitioner Brenda Siebold for it. This is what should have been done

according to the medical standard of care and also according to ACH policy.

When medication pass came that evening, medical staff Whitney Smith told me I would not be getting any morphine replacement. When I asked why, she stated "Well, we dont have any. And the jail wont let us give narcotics."

I filed a medical grievance, expressing my panic and asking them to call my doctor at my methadone clinic who has treated me while pregnant in the past. That grievance was never answered, therefore I could not appeal. I even filed a regular grievance over the fact that my medical grievance was never answered, and the grievance officer responed "forwarded to medical." According to the inmate handbook, medical decisions are not grievable except in a medical grievance.

Brenda Siebold reviews patients charts each week, was aware of my situation and failed to prescribe me a morphine replacement, fully aware of the dangers to my baby's health from her training and company policy. Davis and Smith were also aware, none of them did any sort of detox monitoring on me such as checking vitals. At no time during this critical period of withdrawal did I see an obstetrician.

The Monroe County Jails medical policies, written and approved by Sherriff Ruben Marte, state "At no time will medications which

threaten the security of the facility will normally be given, unless prescribed by a doctor." A curious way to put it, considering NO medication is given unless prescribed by a doctor, even Tylenol. Also, there would have been no security threat because medication pass is monitored AND they check our mouths after we take any medication. Lastly, I would like to point out that defendant Smith told me that this policy is what prevented medical staff from not only keeping this necessary medication on hand, but from giving it to me at all. This policy was a major (even driving) factor in causing my miscarriage, in the way that it was widely followed. Still, if Siebold had at least tried to prescribe it... ~~[scribbled out]~~ Maybe they would have let me, but I don't know.

I did not see an obstetrician until late December, when I recieved an ultrasound which did not indicate a heart beat but which did show growth since the ultrasound I recieved when I visited the ER after my arrest. The obstetrician said she wanted to see me back in two weeks to determine if there was any fetal growth or a heart beat at that time, to determine whether I had miscarried. However, the jail never took me to this follow-up appointment, and when I

Asked Kelly Davis after the two weeks had passed, she only stated "Oh, no one took you?" and did not make any effort to tell the provider or reschedule. ~~[scribbled out]~~

I started bleeding and was taken to the hospital, I believe on 1/7/24. They informed me that I had miscarried, had likely miscarried weeks ago and was only just now ~~[scribbled]~~ expelling the remains, but that I would need an ultrasound within a week to determine if I had ~~[scribbled]~~ remaining fetal tissue, and prescribed me ~~[scribbled]~~ Ibuprofen. The jail medical staff were given my hospital discharge papers with the orders for Ibuprofen and the need to see me back in a week. The jail did not take me back to the doctor OR give me my Ibuprofen prescription.

I filed a medical grievance that they had not given me my pain medication, that I was in pain, that I needed to go back to the doctor as ordered. I got a response stating "you are scheduled and you did get your RX" I responded, telling them to check their records because I did NOT get my "RX" and I was in a lot of pain. I got no further response.

My pain and bleeding got so severe one evening that I pressed the emergency call button. Tina Burger, LPN, came over an hour later and when I told her I was bleeding very much, so much that I was scared and that my hospital discharge papers warned that excessive bleeding was cause for concern. She only said, "but you're not pregnant, and I was supposed to go home over an hour ago." She left without taking my vitals or giving me any pain medicine. Officer Southern witnessed this encounter.

I did not recieve post-miscarriage care until 2/15/24, where it was determined that I was still carrying fetal tissue.

I would submit the following claims:

An official capacity claim against Ruben Marté for maintaining a widely followed policy restricting necessary medication where no security threat is present.

Individual capacity claims against Kristie Compton and Kyle Gibbons, Jail Captain and Commander respectively, for being aware of my serious medical condition, the restrictions of the jail which impeded medicals' ability to properly treat me, and their failure to act.

INDIVIDUAL CAPACITY CLAIMS AGAINST Smith, Davis, AND Burger For medical deliberate indifference. My complaints of pain, withdrawal were ignored on multiple occasions. These individuals were trained on the dangers of pregnancy AND withdrawal but did not conduct withdrawal monitoring on me and gave up on providing me with necessary medication simply because the jail "does not usually" give narcotics. My medical grievances were ignored or not looked into further by these individuals. They were also responsible for scheduling my doctor appointments, which were delayed on multiple occasions resulting in physical pain AND the emotional pain of carrying a non-living fetus for so long. Also state claims of negligence.

INDIVIDUAL CAPACITY CLAIM AGAINST BRENDA SIEBOLD For Medical deliberate indifference. She was aware of my pregnancy and withdrawal, the risks thereof, AND DID NOT prescribe the appropriate medication per ACH policy AND the standard of care, nor did she order proper withdrawal monitoring. I also wish to pursue state negligence claims against her.

AN OFFICIAL CAPACITY CLAIM AGAINST Jessica Young, President of ACH, for not ensuring that proper medication for pregnant withdrawing women is available and on hand at each of the facilities ACH serves.

C. RELIEF WANTED

I request punitive and compensatory damages against each defendant for my physical AND emotional injuries, AND injunctive relief

In the following form:
Compel the Monroe County Sherriff to change jail policy to allow for Medication-Assisted treatment for pregnant, opiate-addicted women who are booked into the jail. Many jails are already doing this and there is an MAT clinic in town. Their unnecessary restrictions must not be allowed to continue to threaten the lives of unborn children.

D. **Jurisdiction**

- I am suing for a violation of Federal Law under 28 USC §1331 / 42 USC §1983
- Supplemental Jurisdiction for state medical negligence claims

E. **Jury Demand**

I want a jury to hear my case

Dated this 17th day of May, 2025

Respectfully Submitted,

*Debra Frane* #244467

IDOC-RCF
811 W. 50 N.
Rockville, IN 47872

F. **Optional Certification**

Under penalty of perjury, I declare that the facts in this complaint are true and correct to the best of my knowledge and belief

*Debra Frane*

Defendants Marte, Compton and Gibbins are the Sherriff of Monroe County, Jail Captain and Jail Commander, are IN residents and may be served at

    301 N. College Ave
    Bloomington, IN 47401

Defendants Davis, Smith, Burger are LPN's; Defendant Sieboldt is the Nurse Practitioner, Defendant Young is the president of ACH. Davis, Smith and Burger are Indiana Residents. Defendant Young may be a resident of Tennessee. Defendant Young has indicated that she will accept service of process for her defendants at:

    ADVANCE CORRECTIONAL HEALTHCARE
    c/o Jessica Young
    720 Cool Springs Blvd Suite 100
    Franklin, TN 37067